U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

NOV 2 0 2012

CHRIS R. JOHNSON, CLERK

BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN LANCASTER                                              PLAINTIFF

v.                                    NO. 12-4133

JOHN R. PACE, M.D.;
HOT SPRINGS NEUROSURGERY
CLINIC P.A. ; LONNIE SESSLER, M.D.
and John and Jane Does 1-5                                  DEFENDANTS

## COMPLAINT

COMES NOW JOHN LANCASTER, by and through his attorneys, and for his cause of action states and alleges:

## PARTIES

1. Plaintiff, John Lancaster, is a citizen and resident of Flowood, Rankin County, Mississippi. This cause of action concerns medical negligence occurring in Hot Springs, Garland County, Arkansas, and Mena, Polk County, Arkansas.

2. Defendant, John R. Pace, M.D., is a citizen and resident of Hot Springs, Garland County, Arkansas, wherein in practices as a physician, holding himself out to the general public as being a specialist in the field of neurosurgery. Defendant Pace may be served with process at his business address, which is 1 Mercy Lane, Suite 502, Hot Springs, Arkansas 71913.

3. Defendant, Hot Springs Neurosurgery Clinic P.A., is a professional association located in and doing business in Hot Springs, Garland County, Arkansas, and is the

1

employer and principal of Dr. John R. Pace and is vicariously liable as the principal and/or employer for all acts and/or omissions of Dr. John R. Pace. Defendant Hot Springs Neurosurgery Clinic, P.A. may be served with process through its agent, Dr. John R. Pace, at its business address, 1 Mercy Lane, Suite 502, Hot Springs, Arkansas 71913.

4. Defendant, Lonnie Sessler, M.D., is a resident of Mena, Polk County, Arkansas. Defendant Sessler is a physician who, on or about March 15, 2008, provided emergency room care to the Plaintiff at Mena Regional Health Center in Mena, Arkansas. Defendant Sessler may be served with process at his business address, which is 1201 Mena Street, Mena Arkansas 71953 and/or 311 North Morrow, Mena, Arkansas 71953 or at his home address, which is 4715 Highway 375 W. Mena, Arkansas 71953-8036.

5. John Does 1-5 ("Doe Defendants") are persons or entities affiliated with the Defendants who have acted in concert and/or are jointly and/or severally liable with the Defendants or who have otherwise committed acts of negligence against the Plaintiff but whose identities and actions are currently unknown. John and Jane Does 1-5 may also be persons or entities who are employers or principals of other defendants, who upon discovery being conducted in this case, may be legally responsible for the acts and/or omissions of the other defendants in this case. John and Jane Does 1-5 may also be persons or entities affiliated with the Defendants who have been improperly named or identified in this First Amended Complaint. The right is reserved to add in such defendants at the appropriate time, and the allegations herein are asserted against such defendants.

## JURISDICTION AND VENUE

6. The acts and omissions complained of in this Complaint occurred in Arkansas. More specifically, the acts and omissions of the Defendants John Pace and Hot Springs Neurosurgery Clinic, P.A. occurred in Hot Springs, Garland County, Arkansas, and the acts and omissions of the Defendant Lonnie Sessler occurred in Mena, Polk County, Arkansas.

7. This Court has personal jurisdiction over all of the Defendants. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00).

8. Venue is proper in this Court under 28 U.S.C. §1391.

## ALLEGATIONS

9. On or about March 15, 2008, Plaintiff, John Lancaster, was admitted to the emergency room at Mena Regional Health Center in Mena, Arkansas. Mr. Lancaster complained of severe and disabling back pain. While in the emergency room, he was evaluated by Defendant, Lonnie Sessler. Dr. Sessler performed a physical evaluation, consisting of, among other things, a neurologic exam. Dr. Sessler's records indicate that the physical examination revealed Mr. Lancaster was writhing in pain, that he had numbness and associated loss of range of motion in his left leg, and that he had restriction in his toes on his left foot, in addition to other serious abnormal findings. John Lancaster exhibited signs and symptoms of a potentially serious neurologic condition that required immediate evaluation and attention by a neurosurgical expert, a specialty that was not

available in Mena, Arkansas. Nonetheless, instead of promptly transferring John Lancaster for neurosurgical evaluation and care, Dr. Sessler admitted Mr. Lancaster to Mena Regional Medical Center, where he stayed for several days without benefit of a medically necessary neurosurgical evaluation.

10. The negligence of Defendant Sessler, consisted of, but was not limited to the following:

   (a) Not immediately transferring Mr. Lancaster for neurosurgical care,

   (b) Not recognizing the need for immediate referral,

   (c) Not ordering such tests and evaluations as would have been available at Mena Regional Medical Center as could have resulted in earlier diagnosis of Plaintiff's neurological condition; and

   (d) Otherwise failing to comply with the standard of care applicable to an emergency room physician practicing in Mena, Arkansas.

11. It was not until March 19, 2008, that Plaintiff John Lancaster was referred to Defendant John R. Pace, M.D., a neurosurgeon practicing in Hot Springs, Arkansas. Dr. Pace assumed the medical care of Mr. Lancaster at that time.

12. On or about March 21, 2008, Defendant Pace performed lumbar surgery on Mr. Lancaster. Dr. Pace performed a left-sided L3-4 decompression, however, the surgery indicated by Lancaster's condition was a bilateral L3, L4, and L5 decompression.

13. Moreover, not only did Dr. Pace fail to perform the proper and necessary lumbar surgery for Lancaster, Dr. Pace dictated in his medical records that he did in fact perform a bilateral decompression at L3, L4, and L5, which was the indicated surgery, but

which Dr. Pace did not perform. This was a gross misstatement that delayed proper follow up care for Mr. Lancaster and caused him additional injury and damages.

14.  The negligence of John R. Pace, M.D., consisted of, but was not limited to the following:

(a) Failing to perform the appropriate spinal surgery;

(b) Failing to document the spinal surgery that was actually performed;

(c) Failing to perform and/or order appropriate post-operative evaluations of the Plaintiff before ordering discharge;

(d) Failing to order appropriate post-discharge follow-up, including follow-up physician visits, as well as physical therapy and rehabilitative evaluations and therapy; and,

(e) Otherwise failing to comply with the standard of care applicable to a neurosurgeon practicing in Hot Springs, Arkansas.

15.  As a direct and proximate result of the negligence of both Defendant Sessler and Defendant Pace, the Plaintiff, John Lancaster suffered severe and permanent physical injuries, disability, inability to ambulate freely, loss of bowel and bladder function, sexual dysfunction, permanent impairment and disability, visible effects of the injury, and pain and mental anguish (past and future). Plaintiff has also incurred medical and rehabilitative in the past, and will reasonably incur such expenses in the future. His treatment is ongoing, and he will never walk normally again, and he will likely never regain bowel, bladder, or sexual function.

16. The misconduct of Defendant Pace, in performing the wrong surgery and falsifying the medical records, amounts to grossly negligent, willful, wanton, reckless, malicious, and/or intentional misconduct for which punitive damages should be assessed.

17. Plaintiff prays that he be awarded compensatory damages, in an amount exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as punitive damages as against Defendant John R. Pace.

18. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, John Lancaster, respectfully requests that the Court grant Plaintiff damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained, all general and special damages caused by the conduct of the Defendants, costs of litigating this case, punitive damages, and for all other relief to which Plaintiff may be entitled.

Respectfully submitted,

John Lancaster, Individually,

By: _____

James Lamar Porter, AR #78128
The Brad Hendricks Law Firm
500 C. Pleasant Valley Drive
Little Rock, Arkansas 72205
501-221-0444
501-661-0196 (fax)

Attorney for John Lancaster

6

OF COUNSEL:

HEIDELBERG HARMON PLLC
795 Woodlands Parkway
Suite 220
Ridgeland, Mississippi  39157
601-351-3330
601-956-2090 (fax)


Jury Trial Demanded
Attorney Lien Claimed