## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**JOHN LANCASTER**                                                                                     **PLAINTIFF**

**v.**                            **CASE NO. 6:13-CV-06034-SOH**

**DR. JOHN R. PACE and**
**HOT SPRINGS NEUROSURGERY**
**CLINIC P.A.; LONNIE SESSLER, M.D.**
**and John and Jane Does 1-5**                                          **DEFENDANTS**

### BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

### I. INTRODUCTION

Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have a substantive right to the allocation of fault of Dr. John Finck, a non-party, by the jury at the trial of this case. In their Proposed Jury Instructions, they included Arkansas Model Jury Instruction 307, which is an instruction on the allocation of fault of a non-party. However, the Plaintiff has objected to the inclusion of AMI 307 and written interrogatories on the grounds that the Defendants have not satisfied a state civil procedural rule for the Court to give AMI 307 and written interrogatories. This state civil procedure rule only became effective on January 1, 2015.

Although Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. are entitled to have the substantive law of Arkansas applied when a Federal Court is sitting in diversity, they have filed this Motion for Leave to File an Amended Answer, so they can exercise their substantive right of allocation of fault to a non-party if the Court determines that the Arkansas Rules of Civil Procedure should be applied. They request that the Court grant their Motion for Leave to file an Amended Answer that complies with Rule 9(h) of the Arkansas Rules of Civil Procedure

## II. FACTS

The Court's Final Scheduling Order set a deadline to amend pleadings "no later than 60 days before the close of discovery, unless good cause is shown for delay." The discovery deadline in this case was May 29, 2015. In their Separate Answer, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. requested leave of the Court to file an Amended Answer following the completion of discovery.

Pursuant to the request in their Answer and Rule 15(b), or in the alternative, Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have filed this Motion for Leave to File an Amended Answer due to the Plaintiff's objection to their Proposed Jury Instructions, and his claim that the jury should not be permitted to allocate fault to Dr. John Finck, a non-party, on the verdict form.

Under Arkansas law, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have a substantive right to the allocation of fault of non-parties. Act 1116 of 2013; Uniform Contribution Among Tortfeasors Act ("UCATA") at Ark. Code Ann. § 16-55-201 *et. seq.* (Supp. 2013); Ark. Model Jury Instr.—Civil 307. The Defendants have the right to allocation of fault to a non-party at trial regardless of whether the Defendants' right to actual monetary contribution exists, and the Defendants are permitted to request that the jury allocate fault to a non-party at the trial of this case. *See* Act 1116 of 2013; "UCATA" at Ark. Code Ann. § 16-55-201 *et. seq.* (Supp. 2013).

However, the Plaintiff objected that that the jury should not be able to allocate fault to Dr. John Finck, a non-party. *See Plaintiff's Objections to Proposed Jury Instructions*, which is attached as Exhibit "A". The Plaintiff stated that the state procedural rules of Arkansas for jury allocation of fault to a non-party have not been complied with. *See* Exhibit "A". The state civil

procedure rule in question is Rule 9(h) of the Arkansas Rules of Civil Procedure, which only became effective in 2015.

Rule 9(h) of the Arkansas Rules of Civil Procedure permits a party to allocate fault to a non-party. Ark. R. Civ. P. 9(h) states that a party may file an amended or supplemental pleading (A) identifying the nonparty to permit service of process by the Plaintiff, regardless whether service can be made or the court has *in personam* jurisdiction over the nonparty; and (B) state in ordinary and concise language facts showing that the nonparty is at fault for the medical injury alleged by the claimant.

Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. request that the Court grant their Motion for Leave to file an Amended Answer that complies with Rule 9(h) of the Arkansas Rules of Civil Procedure, and which would state the following:

(a) Dr. John Finck is a family practice physician who practices in Mena, Arkansas. Dr. John Finck can be served with process at 209 Morrow Street, Mena, Arkansas 71953.

(b) Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. state that Dr. John Finck is at fault for any medical injury alleged by the Plaintiff. Dr. John Finck failed to meet the standard of care required of a family practice physician in Mena, Arkansas or a similar locality in 2008 and this failure was the proximate and actual cause of the damages alleged by the Plaintiff.

(c) The Plaintiff was admitted to Dr. John Finck on March 15, 2008 at Mena Medical Center with complaints of back pain and lower extremity weakness. Dr. John Finck failed to recognize that the Plaintiff had a neurosurgical problem that he could not treat after he performed his examination, and Dr. Finck also failed to timely transfer the Plaintiff to a hospital with a neurosurgeon who could provide the surgery Mr. Lancaster needed. Dr. John Finck's failures were the sole cause of any injury or damage alleged by the Plaintiff.

(d) Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. affirmatively state that they are entitled to the allocation of fault of Dr. John Finck.

If the Court determines that the Arkansas Rules of Civil Procedure should be applied in Federal Court instead of the Federal Rules of Civil Procedure, then the Defendants request that the Court permit them to file an Amended Answer stating the above (a)-(e) to comply with Rule 9(h) of the Arkansas Rules of Civil Procedure, so Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. can exercise their substantive right of allocation of fault to a non-party.

### III. LAW AND ARGUMENT

#### A. Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. should be Permitted to File an Amended Answer under Rule 15(b) because the Plaintiff's Objection to Jury Instructions is an Objection during Trial

The Court should grant Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A.'s Motion for Leave to File an Amended Answer because Rule 15(b) of the Federal Rules of Civil Procedure permits a party to amend the pleadings based on an objection at trial. Rule 15(b) states, "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended." Rule 15(b) also states, "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Here, the Plaintiff's Objection to Proposed Jury Instructions should be treated as an objection raised at trial within the meaning of Rule 15(b). Although this case is not in trial, an objection to Jury Instructions is an objection normally made at trial, and the Plaintiff will continue to object at trial to the Defendants' Proposed Jury Instructions regarding allocation of fault to Dr. John Finck.

The Plaintiff will not be prejudiced by this Amended Answer, because he knew that Dr. John Finck provided medical care and treatment to him in 2008; however, he allowed the Statute

4

of Limitations to run and he failed to serve Dr. John Finck with the Complaint. The Plaintiff has also known throughout discovery that Dr. John Finck's failures would be a key issue at trial. In addition, Dr. John Pace and Hot Springs Neurosurgery disclosed in their Responses to the Plaintiff's Discovery Requests that Dr. John Finck was responsible for the Plaintiff's alleged injuries. *See Dr. John Pace's Third Supplemental Response to Interrogatory No. 23*, which is attached as Exhibit "B"; *Hot Springs Neurosurgery Clinic, P.A.'s Third Supplemental Response to Interrogatory No. 8*, which is attached as Exhibit "C". The Defendants' expert witnesses, including the co-Defendant's expert witnesses, have testified and will testify that Dr. John Finck was the sole cause of the Plaintiff's alleged injuries.

Therefore, the Plaintiff's objection should be treated as one made at the trial of this case for purposes of Rule 15(b), and the Court "should freely permit an amendment when doing so will aid in presenting the merits" regarding the defense of this case.

### B. Dr. Pace and Hot Springs Neurosurgery Clinic, P.A. Have Shown Good Cause to File an Amended Answer, and The Court Should Grant Leave To File An Amended Answer.

In the alternative, Dr. John Pace and Hot Springs Neurosurgery have shown good cause to be permitted by the Court to file an Amended Answer pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. To determine whether a motion for leave to amend a pleading should be granted, a "two-step analysis" should be applied. Burton v. United States, 199 F.R.D. 194, 196 (S.D.W. Va. 2001). "Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Id.

### (1) Dr. John Pace Has Shown Good Cause Pursuant To Rule 16(b)

In the first step, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Burton v. United States, 199 F.R.D. 194, 197 (S.D.W. Va. 2001). The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id.

Here, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have diligently sought to amend their Answer. The discovery deadline was May 29, 2015. The Court's Scheduling Order set a pleading amendment deadline 60 days before the discovery deadline, which would be March 30, 2015. At the close of the pleading amendment deadline, the depositions of the expert witnesses had not been taken. In fact, due to the prolonged delay by the Plaintiff to produce dates for the depositions of his expert witness, the deposition of Dr. Howard Senter was not taken until May 28, 2015, and the depositions of Dr. Delaney Kinchen and Dr. Frederick Carlton, Jr. could not be taken in time to meet the discovery deadline.

In his deposition, Dr. Senter stated many criticisms against Dr. John Finck, and he stated that Dr. Finck was the cause of the Plaintiff's alleged injuries. Dr. Senter's supplemental 26(a)(2) expert witness report, which was timely produced pursuant to Rule 26(e)(2) on June 5, 2015, states "Dr. Senter is critical of Dr. Finck for failing to recognize or diagnose a neurosurgical or neurological emergency and failing to timely obtain a neurosurgical consult and failing to timely transfer John Lancaster to another facility." *See* Exhibit "D". On May 29, 2015, the Defendants stated in their supplemental responses to the Plaintiff's Discovery Requests that Dr. John Finck was responsible for the Plaintiff's alleged injuries. Further, it was not until the Plaintiff filed his

Objections to the Defendants' Proposed Jury Instructions that the Defendants had any reason to believe that their substantive right to allocation of fault of Dr. John Finck, a non-party, would be disputed in Federal Court on the basis that they had not complied with a recently implemented Arkansas Rule of Civil Procedure. Immediately after learning of the Plaintiff's objection on June 22, 2015, counsel for Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have diligently sought to file an Amended Answer with the Court.

Again, the Plaintiff will not be prejudiced by this Amended Answer, because he knew that Dr. John Finck provided medical care and treatment to him in 2008; however, he allowed the Statute of Limitations to run and failed to serve Dr. John Finck with the Complaint. The Plaintiff also knew by the May 29, 2015 discovery deadline that Dr. John Finck's failures would be a key issue at trial because of Dr. Senter's deposition testimony and Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A.'s responses to the Plaintiff's interrogatories. *See Dr. John Pace's Third Supplemental Response to Interrogatory No. 23*, which is attached as Exhibit "A"; *Hot Springs Neurosurgery Clinic, P.A.'s Third Supplemental Response to Interrogatory No. 8*, which is attached as Exhibit "B". The Defendants' expert witnesses, including the co-Defendant's expert witnesses, have testified and will testify that Dr. John Finck was the sole cause of the Plaintiff's alleged injuries.

Therefore, the Defendants have shown good cause to file an Amended Answer after the Court's March 30, 2015 deadline because (1) their expert witness testified on May 28, 2015 that Dr. John Finck was the sole cause of the Plaintiff's alleged injuries, (2) they provided a supplemental response to the Plaintiff's Interrogatories on May 29, 2015 that named Dr. John Finck responsible for the Plaintiff's alleged injuries, (3) their timely June 5, 2015 supplemental expert witness report from Dr. Senter stating his opinions against Dr. John Finck, (4) they

7

diligently sought to amend their Answer after learning of the Plaintiff's objection on June 22, 2015 to their substantive right to allocation of fault of a non-party, and (5) the Plaintiff will not be prejudiced because he knew that the Defendants were seeking the allocation of fault of Dr. John Finck.

### (2) The Court Should Freely Grant Leave For Dr. John Pace To Present His Defense And Exert His Substantive Right To Allocation Of Fault

"If the moving party satisfies Rule 16(b), the movant then must pass the test for amendment under Rule 15(a)." Burton v. United States, 199 F.R.D. 194, 196 (S.D.W. Va. 2001). "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. Foman v. Davis, 371 U.S. 178, 182 (1962). The Supreme Court in Foman held that while a district court has discretion in deciding whether leave to amend should be granted, in making this assessment:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."
> Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Dr. John R. Pace and Hot Springs Neurosurgery Clinic, P.A. request the Court's leave to file an Amended Answer pursuant to Rule 15(a)(2), so Dr. Pace can defend against the Plaintiff's claims. Under Arkansas law, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. have a substantive right to the allocation of fault of non-parties. Act 1116 of 2013; Uniform Contribution Among Tortfeasors Act at Ark. Code Ann. § 16-55-201 *et. seq.* (Supp. 2013); Ark. Model Jury Instr.—Civil 307. As stated above, there will be no prejudice to the Plaintiff by filing this

Amended Answer, because the Plaintiff has known that Dr. John Finck's failures will be a key issue at the trial of this case. There is also no evidence of undue delay or bad faith on the part of Dr. Pace. Therefore, the Court should freely grant leave when justice requires and permit Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. to file an Amended Answer.

**MALCOM LAW FIRM**
2226 Cottondale Lane, Suite 100
Little Rock, Arkansas 72202-2060
(501) 319-7669 Telephone
(501) 319-7681 Facsimile

**ATTORNEYS FOR DEFENDANTS,
DR. JOHN PACE and HOT SPRINGS
NEUROSURGERY CLINIC, P.A.**

By: _____
Phil Malcom (ABA #75082)
Brandon Cole (ABA #2014135)

### CERTIFICATE OF SERVICE

I, Phil Malcom, do hereby certify that a true and correct copy of the foregoing pleading has been sent via email this 24th day of June 2015, to the following:

Lamar Porter
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, Arkansas 72227

Walter Cox
James Estes
Cox, Cox & Estes, PLLC
75 North East Avenue, Suite 400
P.O. Box 878
Fayetteville, Arkansas 72702

Stuart B. Harmon
C. Maison Heidelberg
Heidelberg Harmon, PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, Mississippi 39157


Phil Malcom

9