IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN LANCASTER                                                          PLAINTIFF

v.                                         NO. 6:13-cv-6034-SOH

JOHN R. PACE, M.D.; HOT SPRINGS
NEUROSURGERY CLINIC, P.A.; and
LONNIE SESSLER, M.D.                                                    DEFENDANTS

## PLAINTIFF'S OBJECTIONS TO JURY INSTRUCTIONS

Comes the Plaintiff and for his objection to Jury Instructions submitted by Defendants Pace and Sessler states as follows:

1. Both defendants have submitted preliminary AMI and 8th Circuit instructions. Plaintiff did not submit "stock" instructions after being advised by the Court's deputy that the Court had standard non-case specific instructions. Plaintiff has no specific objections to the stock instructions submitted by defendants.

2. Defendant Sessler submitted a version of AMI 203 that combined both defendants, instead of preparing one version of AMI for Dr. Sessler and another version for Dr. Pace. Plaintiff has no objection to using Defendant Sessler's version of AMI 203. Defendant Pace has submitted two separate AMI 203 instructions, however, he has improperly included the last paragraph of the instruction, which per the "Note on Use" should not be given when the case is submitted on interrogatories (which all parties agree should be used).

3. Defendant Sessler submitted AMI 501 (proximate cause) but did not included the second paragraph with respect to the potential for two or more causes to work together to produce damage. The present case involves allegations of negligence by two physicians, and there will likely be a claim that a non-party was also negligent. Under the circumstances the



second paragraph of the instruction should be given.

4. Both defendants have submitted AMI 1501 (standard of care). There are not significant differences but there are some minor wording that Plaintiff has objection to. Defendant Sessler's version states, "In diagnosing and/or operating on a patient . . . " Plaintiff's version states,"In diagnosing, treating, and operating upon a patient. . . ." Plaintiff would propose that the word "treating" be included, and for the instruction to state, "In diagnosing, treating, and/or operating on a patient. . . " Defendant Sessler's version of 1501 uses the term "medical doctors" in the second paragraph of the instruction. Plaintiff has used the term "qualified medical experts" using the phraseology from AMI 1501. Defendant Pace has identified, by name, the three medical experts, and has separated out the instruction insofar as putting in separate paragraphs for Pace and Sessler. This separation is unnecessary. Furthermore there are issues as to whether one of the expert witnesses (neurosurgeon Bradford Delong) is qualified to give standard of care opinion with respect to Dr. Sessler, who is an emergency room physician. This problem is eliminated if Plaintiff's version of the instruction is used.

5. Plaintiff's version of AMI 2201 (damages) is somewhat different from Defendant Pace's version (Defendant Sessler did not submit 2201).

    (a) There is no question that Mr. Lancaster's paralysis is permanent, so there is no issue as to whether it is temporary or permanent (comparing Plaintiff's first element of damages with Defendant Pace's second element of damages).

    (b) Plaintiff's second element of damages, pertaining to past and future medical expense, "including rehabilitation and custodial care" includes language from A.C.A 16-114-209. Mr. Lancaster has had rehabilitation

care in the past and per the Life Care Plan will need custodial care. This language should be included.

(c) Defendant Pace's third element of damages pertains to "necessary help in his home." This is encompassed in the claim for custodial care as contained in Plaintiff's second element of damages.

(d) Defendant Pace's fourth element of damages addresses pain and suffering but does not address mental anguish. There will be testimony supportive of Mr. Lancaster's claim for past and future mental anguish.

(e) Plaintiff's fourth element of damage pertains to "any visible results of his injury." Plaintiff is a paraplegic. The Note on Use indicates that the instruction should be used when there is physical deformity. This deformity is visibly evident by the fact that Plaintiff cannot functionally walk in any normal fashion, and is for the most part confined to a wheelchair.

(f) Defendant Pace includes the last paragraph of AMI 2201. Per the Note On Use this is not to be used when the case is submitted on interrogatories.

6. Plaintiff and Defendant Sessler have submitted virtually identical interrogatories. Plaintiff does, however, object to Defendant's language in interrogatories 1 and 2 referencing "the proximate cause" as opposed to language submitted by Plaintiff referencing "a proximate cause." (emphasis added).

7. Plaintiff objects to Defendant Pace's jury instruction (AMI 307) in which he seeks to place a non-party to this case, Dr. John Finck, on the verdict form to allow the jury to assess a degree of fault against Dr. Finck, in addition to defendants Pace and Sessler. Dr. Finck has never

been sued and there has been no settlement with Dr. Finck. Since the abrogation of joint and several liability by Act 649 of 2003, the question of whether a non-party to a case could be placed on a verdict form has been the source of significant litigation in Arkansas. Johnson v. Rockwell Automation, Inc., 2009 Ark. 241, 308 S.W. 3rd 135 held that Act 649's procedural mechanism for doing so violated Arkansas' separation-of-powers doctrine. Attempts were then made by defendants to accomplish the same goal by filing contribution actions against third parties seeking only allocation of fault. That practice was disapproved by the Arkansas Supreme Court as a matter of statutory construction. St. Vincent Infirmary v. Shelton, 2013 Ark. 38, 425 S.W3d 761; ProAssurance Indemnity Co. v Metheny, 2012 Ark 461, 425 S.W.3d 685. The Arkansas Legislature attempted to correct that statutory flaw with the enactment of Act 1116 of 2013, which created a right to allocation as a part of the right to contribution. However, Act 1116's retroactive reach is in significant doubt following English v. Robbins, 2014 Ark 511, 452 S.W.3d 566. Moreover, Act 1116 requires a complaint for contribution to be filed against the absent third party, which has not been done in this case.

The question appears to be answered now in Arkansas state court with the enactment of amendments to the Arkansas Rules of Civil Procedure, specifically Rules 9(h), 49 and 52. When these rules are followed, a non-party may be placed on a verdict form. But two problems exist with respect to using those rules in this case. First, they are state rules not federal rules. Second, they impose specific pleading requirements that Defendant Pace has not met, thus even in state court, Dr. Finck would not be allowed on the verdict form.

Given the procedural failures identified as well as the complexities surrounding non-party allocation of fault, to the extent this objection is not sufficient to deny use of the proposed verdict form, Plaintiff asks for leave to submit thorough briefing on this issue.

       Respectfully submitted,

BY: */s/ Lamar Porter*
    Lamar Porter, ABN 78128
    Attorney for Plaintiff
    THE BRAD HENDRICKS LAW FIRM
    500 C Pleasant Valley Drive
    Little Rock, AR 72227
    (501) 221-0444
    lporter@bradhendricks.com

And

Stuart B. Harmon, Esq.
C. Maison Heidelberq, Esq.
Heidelberg Harmon, PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, MS 39157
sharmon@heidelbergharmon.com
mheidelberg@heidelbergharmon.com

## CERTIFICATE OF SERVICE

    I hereby certify that on June 22, 2015, I presented the foregoing to the Clerk of Court for filing and upload to the CM/ECF system, which shall send notification of such filing to the following:

Walter Cox, Esq.
Cox, Cox & Estes, PLLC
P.O. Box 878
Fayetteville, AR 72702
wcox@coxfirm.com

Phil Malcom, Esq.
Malcom Law Firm
2226 Cottondale Lane, Suite 100
Little Rock, AR 72202-2060
pmalcom@malcomlawfirm.com

       */s/ Lamar Porter*
       Lamar Porter