IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**JOHN LANCASTER**                                                                                           **PLAINTIFF**

**v.**                                              NO. 6:13-cv-06034-SOH

**JOHN R. PACE, M.D.; HOT SPRINGS
NEUROSURGERY CLINIC, P.A.; and
LONNIE SESSLER, M.D.**                                                                          **DEFENDANTS**

## HOT SPRINGS NEUROSURGERY CLINIC, P.A.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES

Comes Defendant, Hot Springs Neurosurgery Clinic, P.A., and for its Third Supplemental Responses and Objections to the Plaintiff's First Set of Interrogatories, states:

**INTERROGATORY NO. 8:** Do you contend that any person or entity (including but not limited to any party to this lawsuit) negligently committed an act or omission which caused or contributed to any injury sustained by John Lancaster, and if so, state the nature of the act or omission, and identify the person or entity in question.

**RESPONSE:** **Objection**. This Interrogatory, as phrased, is vague, ambiguous, overly broad and unduly burdensome, and therefore, it cannot be responded to in its present form. In addition, this Interrogatory requests Hot Springs Neurosurgery Clinic, P.A. to give an opinion, which it is not required to give. *See* Ark. Code Ann. §16-114-207(3). Hot Springs Neurosurgery Clinic, P.A. will provide factual testimony regarding the medical care and treatment of John Lancaster. Hot Springs Neurosurgery Clinic, P.A. will not be giving opinion testimony. Without waiving these Objections, unknown at this time. Discovery is ongoing.

**SUPPLEMENTAL RESPONSE:** **Objection**. This Interrogatory, as phrased, is vague, ambiguous, overly broad and unduly burdensome, and therefore, it cannot be responded to in its

1



present form. In addition, this Interrogatory requests Dr. John Pace to give an opinion, which Dr. Pace is not required to give. *See* Ark. Code Ann. §16-114-207(3). Dr. Pace will provide factual testimony regarding the medical care and treatment he provided John Lancaster. Dr. Pace will not be giving opinion testimony. Without waiving these Objections, unknown at this time. Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. lack sufficient knowledge at this time to make or not make such a contention. After the completion of discovery, if it is determined that there is a reasonable basis for such a contention, this Response will be supplemented.

**THIRD SUPPLEMENTAL RESPONSE:** **Objection**. This Interrogatory, as phrased, is vague, ambiguous, overly broad and unduly burdensome, and therefore, it cannot be responded to in its present form. In addition, this Interrogatory requests Hot Springs Neurosurgery Clinic, P.A. to give an opinion, which it is not required to give. *See* Ark. Code Ann. §16-114-207(3). Hot Springs Neurosurgery Clinic, P.A. will provide factual testimony regarding the medical care and treatment it provided to John Lancaster. Hot Springs Neurosurgery Clinic, P.A. will not be giving opinion testimony. Without waiving these Objections, Hot Springs Neurosurgery Clinic, P.A. will rely on the testimony of its expert witnesses, Dr. J.D. Day and Dr. Howard Senter. Dr. Senter testified at his deposition and will testify at trial that Dr. John Finck and Dr. Jack Moriarity caused or contributed to the injuries and/or money damages that John Lancaster has claimed in this case. *See* the expert witness disclosures and the depositions of Dr. J.D. Day and Dr. Howard Senter, which the Plaintiff has taken.

**INTERROGATORY NO. 13**: Please identify by title, author, editor, edition, publisher, date of publication and section, portion, page or pages of each and every book, treatise, periodical and/or pamphlet:

    (a)    established, or to be established, as a reliable authority by the testimony of any

    expert witness you have identified or will identify; and

(b) to be referred to during the trial testimony of any expert witness you have identified or will identify.

**RESPONSE:** **Objection**. This Interrogatory, as phrased, is vague, ambiguous, overly broad and unduly burdensome, and therefore, it cannot be responded to in its present form. In addition, this Interrogatory seeks information and documents that are protected by the attorney-client privilege and the attorney work product privilege and that are not the proper subject of discovery. This Interrogatory also exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Without waiving these Objections, it is unknown at this time who will be called to testify as expert witnesses for Hot Springs Neurosurgery Clinic, P.A. in the Defendant's case in chief at the trial of this case. Discovery is ongoing. You will be provided with the citations to any publications that any expert witness for Hot Springs Neurosurgery Clinic, P.A. intends to rely on or refer to at the trial of this case in the Defendants' case in chief.

**THIRD SUPPLEMENTAL RESPONSE: OBJECTION.** This Interrogatory, as phrased, is vague, ambiguous, overly broad and unduly burdensome, and therefore, it cannot be responded to in its present form. In addition, this Interrogatory seeks information and documents that are protected by the attorney-client privilege and the attorney work product privilege and that are not the proper subject of discovery. This Interrogatory also exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure. Without waiving these Objections, *see* the publications that Dr. J.D. Day and Dr. Howard Senter brought to their depositions, which are attached to Hot Springs Neurosurgery Clinic, P.A.'s Second Supplemental Response to the Plaintiff's Request for Production of Documents No. 4.

MALCOM LAW FIRM
2226 Cottondale Lane, Suite 100
Little Rock, Arkansas 72202-2060
(501) 319-7669 Telephone
(501) 319-7681 Facsimile

**ATTORNEYS FOR DEFENDANTS, DR. JOHN R. PACE and HOT SPRINGS NEUROSURGERY CLINIC, P.A.**

By: _____
Phil Malcom (ABA # 75082)

## OBJECTION

I, Phil Malcom, the attorney for Defendant, Hot Springs Neurosurgery Clinic, P.A., execute this pleading for the purpose of objecting to the foregoing Interrogatories where an objection was noted.

_____
Phil Malcom

## CERTIFICATE OF SERVICE

I, Phil Malcom, do hereby certify that a true and correct copy of the foregoing pleading has been sent via email this 29th day of May, 2015, to the following:

C. Maison Heidelberg
Stuart B. Harmon
Heidelberg-Harmon, PLLC
795 Woodlands Parkways, Suite 220
Ridgeland, Mississippi 39157

Lamar Porter
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, Arkansas 72227

Walter Cox
James Estes
Cox, Cox & Estes, PLLC
75 North East Avenue, Suite 400
P.O. Box 878
Fayetteville, Arkansas 72702

_____
Phil Malcom

4