IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN LANCASTER                                                                PLAINTIFF

v.                         CASE NO. 6:13-CV-06034-SOH

DR. JOHN R. PACE and
HOT SPRINGS NEUROSURGERY
CLINIC P.A.; LONNIE SESSLER, M.D.
and John and Jane Does 1-5

                                                                              DEFENDANTS

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Come Defendants, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A., and for their Reply in Support of Motion for Leave to File an Amended Answer, state:

1. Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. ("the Defendants") have filed their Motion for Leave to File an Amended Answer due to the objection by the Plaintiff that the jury should not be permitted to allocate fault to Dr. John Finck, a non-party, on the verdict form.

2. The Defendants have requested leave from the Court to file an Amended Answer to allow them to exercise their substantive right to allocation of fault if the Court decides to apply the Arkansas Rules of Civil Procedure. The Defendants have a substantive right to allocation of fault, and request that they be permitted to exercise this right. In their Motion, the Defendants provided the Court with the legal basis to grant them leave to file an Amended Answer. *See* the Defendants' Motion for Leave to File an Amended Answer.

3. On July 1, 2015, the Plaintiff filed a Response to the Defendants' Motion for Leave to File an Amended Answer. In his Response, the Plaintiff did not respond directly to the Defendants' arguments that the Federal Rules of Civil Procedure permit the Court to grant the

1

Defendants' Motion for Leave to File an Amended Answer. Instead, the Plaintiff argued that the Defendants do not have a substantive right to allocation of fault. In fact, the Plaintiff did not provide the Court with a basis to deny the Defendants' Motion for Leave to File an Amended Answer. The Defendants have requested leave to file an Amended Answer, and the Plaintiff has failed to show that the Federal Rules of Civil Procedure prohibit an Amended Answer.

4. The Defendants provided the Court with grounds to grant their Motion for Leave to File an Amended Answer, and the Plaintiff has not addressed these grounds.

5. First, the Defendants stated that Federal Rule of Civil Procedure 15(b) permits the Court to grant leave to file an Amended Answer because the Plaintiff's objection to their jury instructions should be treated as one made at the trial of this case. Rule 15(b) states, "The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Here, the Plaintiff failed to address this legal argument in their Response. The Plaintiff also has failed "to satisfy the court that the evidence would prejudice that party's action," as required by Rule 15(b). Therefore, the Plaintiff's objection should be treated as one made at the trial of this case for purposes of Rule 15(b), and the Court "should freely permit an amendment when doing so will aid in presenting the merits" regarding the defense of this case.

6. Second, the Defendants stated that Federal Rules of Civil Procedure 15(a) and 16(b) permit the Court to grant leave to file an Amended Answer because the Defendants have shown good cause to Amend their Answer, the Plaintiff has not shown that any prejudice will result, and the Court should freely give leave when justice so requires. "Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the

good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Burton v. United States, 199 F.R.D. 194, 196 (S.D.W. Va. 2001).

Here, the Defendants have shown good cause to file an Amended Answer after the Court's March 30, 2015 deadline because (1) their expert witness testified on May 28, 2015 that Dr. John Finck was the sole cause of the Plaintiff's alleged injuries; (2) they provided a supplemental response to the Plaintiff's Interrogatories on May 29, 2015 that named Dr. John Finck responsible for the Plaintiff's alleged injuries; (3) their timely June 5, 2015 supplemental expert witness report from Dr. Senter stated criticisms against Dr. John Finck; (4) they diligently sought to amend their Answer after learning of the Plaintiff's objection on June 22, 2015 to their substantive right to allocation of fault of a non-party; (5) the Plaintiff will not be prejudiced because he knew that the Defendants were seeking the allocation of fault of Dr. John Finck by the May 29, 2015 discovery deadline; (6) Arkansas Rule of Civil Procedure 9(h) only became effective this year; and (7) the Defendants requested leave to file an Amended Answer following the close of discovery.

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."
> Foman v. Davis, 371 U.S. 178, 182 (1962).

In his Response, the Plaintiff has not shown that there is any evidence of undue delay or bad faith on the part of the Defendants. The Plaintiff merely recited that it was "prejudicial" to permit the Defendants to file an Amended Answer; however, the Plaintiff failed to provide any factual basis for this statement. It is true that ANY defense mounted to the Plaintiff's case can be called "prejudicial", but that is the essence of the adversarial system. Any prejudice that the Plaintiff

has hinted at is the result of his own negligence in failing to serve Dr. John Finck before the statute of limitations had run. Therefore, the Court should freely grant leave to permit the Defendants to file an Amended Answer.

7.     Instead of responding to the Defendants' legal grounds that the Court should permit leave to file an Amended Answer, the Plaintiff argued that the Defendants do not have a substantive right to allocation of fault because the "events giving rise to this case occurred in 2008" and Act 1116 was not passed until 2013. The Plaintiff argues that based on the Plaintiff's cause of action accruing in 2008, Act 1116's substantive right to allocation of fault cannot be applied retroactively citing English v. Robbins, 2014 Ark. 511.

8.     The Plaintiff is correct that in English the Court held that Act 1116's substantive right to allocation of fault to non-parties could not be applied retroactively under the facts of that case. However, the facts and reasoning behind the Court's decision in English are not applicable to this case. The jury trial in English occurred in 2012, one year before the passage of Act 1116. Therefore, the Court reasoned that the Defendants in English did not have a substantive right to allocation of fault of non-parties at the trial of the case because Act 1116 was not passed until a year after the trial of the case. Here, the Defendants have a substantive right to allocation of fault of non-parties at the trial of the case. *See* Act 1116 of 2013 codified at Ark. Code Ann. § 16-61-202 (stating "the right of contribution exists among joint tortfeasors" and *"the right of contribution is not limited to money damages but also includes the right to an allocation of fault as among all tortfeasors"*) (emphasis added).

The Plaintiff has, in essence, argued that he has a vested right for the Defendants to **NOT** have allocation of fault of non-party tortfeasors assessed at the trial of this case because the events happened in 2008. This is not what Robbins held and this is not the substantive right

granted in Act 1116 that was codified at Ark. Code Ann. § 16-61-202. The substantive right in Act 1116 to allocation of fault of non-parties belongs to the Defendants, and it is a right that is exercised at the <u>trial of the case</u>, not when the cause of action accrues. Since the allocation of fault to non-parties is a substantive right exercised <u>at the trial of the case</u> and not when the cause of action accrues, the Defendants have "the right to an allocation of fault as among all tortfeasors." Ark. Code Ann. § 16-61-202(c).

9. Further, effective January 1, 2015, the new, revised Rule 49 of the Arkansas Rules of Civil Procedure makes the allocation of fault among joint tortfeasors **mandatory**. Rule 49(c) implements Ark. Code Ann. §§ 16-61-201 & 16-61-202(c), as amended by Act 1116 of 2013. Rule 49(c) of the Arkansas Rules of Civil Procedure states, "In an action for personal injury, medical injury, wrongful death, or property damage, **the jury shall determine** the fault of all persons or entities, **including those not made parties**, who may have joint liability or several liability for the alleged injury, death, or damage to property." (emphasis added). Rule 9(h) of the Arkansas Rules of Civil Procedure is the sole procedural mechanism for asserting the right to an allocation of nonparty fault created by Ark. Code Ann. § 16-61-202(c). Here, the Defendants have the substantive right <u>at trial</u> for the jury to "determine the fault of all persons or entities, including those not made parties," and Rule 9(h) provides the procedure for exercising that right. *See* Ark. R. Civ. P. 49(c). Therefore, the Defendants request that the Court grant them leave to file an Amended Answer that would permit them to exercise their substantive right.

10. Pursuant to the request in their Answer, Rule 15(b), or in the alternative, Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A. request that the Court grant their Motion for Leave to file an Amended Answer. The Defendants have attached the proposed Amended Answer that they would file if

the Court grants their Motion for Leave. *See Proposed Amended Answer of Dr. John Pace and Hot Springs Neurosurgery Clinic, P.A.*, which is attached as Exhibit "A" to this Reply in Support.

WHEREFORE, Defendants, Dr. John R. Pace and Hot Springs Neurosurgery Clinic, P.A., respectfully request that the Court grant their Motion for Leave to File an Amended Answer, and for all other proper relief to which they are entitled.

> **MALCOM LAW FIRM**
> 2226 Cottondale Lane, Suite 100
> Little Rock, Arkansas 72202-2060
> (501) 319-7669 Telephone
> (501) 319-7681 Facsimile
>
> **ATTORNEYS FOR DEFENDANTS,**
> **DR. JOHN PACE and HOT SPRINGS**
> **NEUROSURGERY CLINIC, P.A.**
>
> By: _/s/ Phil Malcom_
> Phil Malcom (ABA #75082)
> Brandon Cole (ABA #2014135)

**CERTIFICATE OF SERVICE**

I, Phil Malcom, do hereby certify that a true and correct copy of the foregoing pleading has been sent via email this **1st** day of July 2015, to the following:

Lamar Porter
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, Arkansas 72227

Walter Cox
James Estes
Cox, Cox & Estes, PLLC
75 North East Avenue, Suite 400
P.O. Box 878
Fayetteville, Arkansas 72702

Stuart B. Harmon
C. Maison Heidelberg
Heidelberg Harmon, PLLC
795 Woodlands Parkway, Suite 220
Ridgeland, Mississippi 39157

_/s/ Phil Malcom_
Phil Malcom